IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEIL ANAND** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| **INDEPENDENCE BLUE CROSS** | : | No. 20-6246 |
| *Defendant.* | : | |

## Memorandum

Kenney, J.                                                                                      April 29, 2021

Before the Court is Movant Lesly Pompy's "Request to Amend Motion for Intervention of Right Pursuant to Federal Rules of Civil Procedure Rule 24(a) and Permissive Intervention Pursuant to Federal Rules of Civil Procedure Rule 24(b)" (ECF No. 20), a Response in Opposition (ECF No. 24), and a Reply (ECF No. 27). The Movant and Defendant agree that the Movant's filing should be construed as a Motion to Reconsider this Court's Order denying the Motion to Intervene (ECF No. 18). Because Rule 15 does not apply to motions to intervene, *see Palladino v. Governor of Pennsylvania*, 589 F. App'x 61, 63 (3d Cir. 2014), the Court agrees and construes the Movant's filing as a motion for reconsideration of this Court's order denying intervention.[1]

**I. BACKGROUND**

Lesly Pompy, acting pro se, seeks to intervene in plaintiff Neil Anand's pro se action against Independence Blue Cross (IBC). Plaintiff is a formerly licensed physician in Pennsylvania whose contract with IBC was terminated in 2016. Plaintiff's 180-page, 1038-paragraph Amended Complaint asserts 64 counts against IBC in a plethora of areas of law,

---

[1] A motion for reconsideration is governed by Rule 59(e) and therefore must be made no later than 28 days after the entry of the judgment. *See, e.g., Perez v. Koresko*, 2014 WL 12907858 (E.D. Pa. 2014). The motion is therefore timely.

including contract, tort, antitrust, RICO, civil rights, ERISA, and the United States Constitution, among others. His complaint generally centers around defendant IBC's termination of his contract in 2016. Among other allegations, he claims that IBC maliciously and illegally terminated its contract with him. Beyond these allegations, plaintiff also alleges that IBC falsely or illegally handled or denied various claims he submitted, violated various statutes and constitutional provisions in its actions involving him, and engaged in various unlawful practices in its systems. Plaintiff also alleges that IBC acted in concert with Blue Cross Blue Shield Michigan to use a software to determine whether physicians were potentially inappropriately administering opioids. This software allegedly targets pain physicians, flags statistical outliers, and notifies law enforcement about statistical outliers.

Lelsy Pompy, a formerly-licensed doctor in Michigan who was connected with Blue Cross Blue Shield of Michigan, seeks to intervene in a number of the counts of plaintiff's complaint, including alleged Lanham Act, RICO, Thirteenth Amendment, conspiracy, Section 1981, Section 1983, Sherman Act, and defamation claims.[2] It appears that, at bottom, Pompy's grievances surround his loss of his medical license after Blue Cross Blue Shield Michigan's software flagged him as potentially unlawfully administering opioids and the information was reported to law enforcement.

Pompy filed his motion to intervene on February 11, 2021. The Court denied the motion to intervene because the "filing is incomprehensible in terms of how it relates to the specific complaint filed by Plaintiff Anand." ECF No. 18. The plaintiff subsequently moved to and did amend his complaint. ECF No. 19, 22. Before the amended complaint was filed, Pompy filed a

---

[2] Pompy's Motion and his Motion for Reconsideration were filed before plaintiff filed an amended complaint. For purposes of this disposition, the Court considers Pompy's motion in the context of the operative Amended Complaint.

"Request to Amend Motion for Intervention of Right Pursuant to Federal rules of Civil Procedure 24." ECF No. 20. IBC responded, and Pompy replied.

## II. DISCUSSION

A motion for reconsideration's purpose is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such motions under Rule 59(e) must rely on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court decided the motion; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Id.* A motion for reconsideration does not give the Court an opportunity to rethink its previous position. *Buffa v. New Jersey State Dep't of the Judciary*, 56 F. App'x 571, 575 (3d Cir. 2003).

In his filing, Pompy seeks to "amend so to make the motion and supporting brief[] comprehensible." Because the Court construes this request as a motion for reconsideration, the Court looks to the appropriate grounds for Rule 59 motions and does not find that any grounds for relief under Rule 59(e) have been satisfied. To the extent the Court can construe Pompy's filing as a request to correct clear error of fact or law to prevent manifest injustice, none exist here because the deficiencies in the original filing remain. The Court will explain why.

Pompy seeks to intervene both as of right and permissively. As to intervention as of right, the Court *must* permit anyone to intervene who, as potentially relevant here, timely "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A litigant seeking to intervene as a right must establish: (1) "a timely application

for leave to intervene;" (2) "a sufficient interest in the litigation;" (3) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action;" and (4) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998) (citations omitted).

Intervention as of right is improper here. Even given the latitude Courts must give *pro se* litigants, Pompy has not shown how he has a sufficient interest in plaintiff's litigation. Consider the following hypothetical. IBC is a surgeon who performed a sub-par surgery on one patient, injuring him. And imagine IBC performed a different sub-par surgery on a second patient, injuring her. The fact that the same surgeon may have committed malpractice as to both individuals does not give the second patient the right to intervene in the first patient's lawsuit. The first patient's surgery is a different transaction involving the interests of different parties than the second patient's surgery. The second patient must file her own lawsuit.

That principle applies here in a magnified way. Lesly Pompy has not shown how he has a dispute with the same entity as the defendant in plaintiff's case. Plaintiff was in a contractual relationship with IBC. Pompy's dispute appears to be with Blue Cross Blue Shield of Michigan.[3] To the extent that plaintiff and movant allege that IBC and Blue Cross Blue Shield of Michigan are conspiring together to violate laws or both use a software that allegedly targets pain-mitigation doctors, the facts underlying their specific harms are different. In sum, it is still incomprehensible to the Court how Pompy has an interest in plaintiff's dispute with IBC.

In the alternative, even if Pompy could have shown a sufficient interest in Anand's suit

---

[3] Pompy alleges that he was "in privity" with IBC as well as with Blue Cross Blue Shield of Michigan, ECF No. 27 at 14, but he concedes that his *contract* was with Blue Cross Blue Shield of Michigan. Moreover, it appears that the harm he allegedly suffered was inflicted by Blue Cross Blue Shield of Michigan rather than IBC.

against IBC, he has not shown how there is a threat that his interest will be impaired or affected, as a practical matter, by the disposition of the action. *Kleissler*, 157 F.3d at 969. An applicant for intervention may establish that existing parties will not adequately represent its interests in one of two ways:

> The applicant may demonstrate that its interests, though similar to those of an existing party, are nevertheless sufficiently different that the representative cannot give the applicant's interest proper attention . . . Alternatively, the applicant may establish . . . that the representative has not been diligent in prosecuting the litigation.

*Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982). Lesly Pompy makes no allegation that Neil Anand will not pursue his claims against IBC diligently. And although the Court has found that Pompy and Anand have different interests, *supra*, if the Court were to find otherwise on that prong, Pompy would not meet his burden. He would not be able to show, whatever his interests may be in this instant litigation, if any, that Anand would not give those interests proper and full attention in his litigation of this matter.

Alternatively, on timely motion, the Court *may* permit anyone to intervene who, as potentially relevant here, has a claim or defense that shares with the main action a common question of law or fact." *Id.* 24(b)(1). For permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* 24(b)(3).

Permissive intervention is also inappropriate here. In deciding this question, the Court considers "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). To whatever extent there are similar facts underlying the two disputes here, the Court finds that the differences between them outweigh the similarities and would unduly delay the litigation and prejudice the adjudication of IBC's rights.

For these reasons, Pompy's motion for reconsideration will be denied.

**BY THE COURT:**

/s/ Chad F. Kenney
**CHAD F. KENNEY, JUDGE**
