IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEIL ANAND** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| **INDEPENDENCE BLUE CROSS** | : | No. 20-6246 |
| *Defendant.* | : | |

## Memorandum

**Kenney, J.**                                                                                              **August 19, 2021**

Before the Court is Plaintiff Dr. Neil Anand's pro se Second Amended Complaint (ECF No. 48). Because Dr. Anand's Second Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, the Court will *sua sponte* dismiss the complaint with prejudice.

**I.   BACKGROUND**[1]

This is the third iteration of Plaintiff Anand's complaint in his case against Independence Blue Cross (IBC). Plaintiff's first complaint included 40 causes of action against IBC. After the Defendant moved to dismiss and this Court gave Plaintiff leave to amend, Plaintiff filed a First Amended Complaint, which included more than one thousand paragraphs and asserted 64 separate claims against IBC, ranging from contract, to tort, to constitutional claims, to violations of criminal statutes, and various alleged statutory and regulatory violations that provide no private cause of action. After a second Motion to Dismiss, this Court, considering Plaintiff's status as a pro se litigant, held an oral argument that gave Dr. Anand a full and lengthy opportunity to discuss his claims and factual allegations. At the oral argument, the Court explained the plausibility standard and emphasized that Plaintiff's complaint was not in

---

[1] The Court detailed the factual allegations in Plaintiff's First Amended Complaint in the Court's prior memorandum. *See* ECF No. 36. While the Plaintiff includes additional factual allegations in the Second Amended Complaint, the Court concludes that the differences between the two are immaterial for purposes of resolution of this dispute.

compliance with Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Thereafter, the Court issued a lengthy memorandum granting the motion to dismiss with prejudice under Rule 12(b)(6) as to certain claims and without prejudice as a whole under Rule 12(b)(1) for lack of subject matter jurisdiction. The Court also dismissed the complaint without prejudice for failure to comply with Rule 8, explaining that the length, unrelated information, and repeated conclusory allegations disguised any true substance of his claims. *See Tucker v. Sec'y U.S. Dep't of Health and Hum. Servs.*, 645 F. App'x 136, 137 (3d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). The Court granted Dr. Anand leave to file an amended complaint rectifying the issues discussed in the Court's memorandum.

## II.    DISCUSSION

Plaintiff Anand filed his Second Amended Complaint purportedly addressing the issues the Court identified in its memorandum and at oral argument. However, Plaintiff's Second Amended Complaint now includes 1,624 paragraphs and 41 claims against IBC, including brand-new claims of assault and battery and false imprisonment. This Second Amended Complaint demonstrates that Plaintiff has not learned from the Court's warnings against a "shotgun pleading approach." *See* ECF No. 46.

A court may *sua sponte* dismiss a claim under Rule 8. *See Tucker*, 645 F. App'x at 137. Because after oral argument and a memorandum placing plaintiff on notice of the Court's concerns the Plaintiff still has not articulated a "short and plain statement of the claim showing that the pleader is entitled to relief," the Court will *sua sponte* dismiss Dr. Anand's Second Amended Complaint with prejudice.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**