IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **NEIL ANAND** | : | CIVIL ACTION |
| *Plaintiff,* | : |  |
|  | : |  |
| v. | : | No.   20-6246 |
|  | : |  |
| **INDEPENDENCE BLUE CROSS** | : |  |
| *Defendant.* | : |  |

## MEMORANDUM

**Kenney, J.**                                                                                                             **February 10, 2023**

In the Third Amended Complaint, *pro se* Plaintiff Anand brings thirty-four claims against Defendant Independence Blue Cross related to the termination of a Provider Agreement and criminal charges brought against Plaintiff for alleged healthcare fraud and conspiracy to distribute controlled substances. ECF No. 57. On December 23, 2022, Plaintiff filed a Motion for a National Preliminary Injunction (ECF No. 75) to which Defendant responded on February 7, 2023 (ECF No. 80). Because the Court can rule on the Motion as a matter of law, the Court declines to schedule an evidentiary hearing.[1] *See Bradley v. Pittsburg Bd. of Ed.*, 910 F.2d 1172, 1176 (3d Cir. 1990) (The Court is not required to hold an evidentiary hearing when "the movant is proceeding on a legal theory which cannot be sustained."). Accordingly, Plaintiff's Motion for a National Preliminary Injunction is ripe for consideration. For the foregoing reasons, the Court will deny Plaintiff's Motion. An appropriate order follows.

---

[1] Additionally, because Plaintiff is proceeding here *pro se* while he is also a Defendant in a criminal case based on related facts, the Court notes that a hearing on this matter may implicate Plaintiff's Fifth Amendment rights.

Broadly construing Plaintiff's *pro se* Motion, the Court discerns that Plaintiff seeks a National Injunction to enjoin Defendant from: (1) terminating his Provider Agreement and causing the loss of his medical licensures; (2) engaging in a "public-private HFPP joint enterprise" which induces criminal charges against Plaintiff; and (3) seeking "fraudulent pecuniary gain from Anand through criminal forfeiture" by way of the United States government. ECF No. 75 at 7. To support such injunctive relief, Plaintiff alleges a scheme in which Defendant: (1) colluded and organized fraud against Plaintiff as well as other United States physicians; and (2) induced "tainted criminal proceedings" against Plaintiff. *Id.* at 1.

Based on the record, the Court makes the following limited factual findings, pursuant to Fed. R. Civ. P. 52, which are sufficient to resolve the instant Motion: (1) Plaintiff is the defendant in a criminal case for his alleged participation in a healthcare fraud involving a conspiracy to distribute controlled substances, *United States v. Anand*, No. 19-cr-00518 (E.D. Pa.); (2) Plaintiff was previously party to a "Provider Agreement" with Defendant; (3) the Provider Agreement was terminated several years ago; and (4) Plaintiff has since lost his medical license.

To prevail, Plaintiff must prove: (1) a likelihood of success on the merits; (2) irreparable injury if the injunction is not granted; (3) that granting an injunction will not cause greater harm to the non-moving party; and (4) the public interest favors injunctive relief. *Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006). Injunctive relieve is an "extraordinary remedy" and should only be granted in "limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Plaintiff has not shown even a remote possibility of success on the merits. Plaintiff in no way argues that the elements of his claims, neither the thirty-four outlined in his Third Amended Complaint nor the two alleged in the Motion (described above), have been met. And because it is

"not enough that the chance of success on the merits be better than negligible[,]" and "more than a mere 'possibility' of relief is required," the Court must deny Plaintiff's Motion. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Most importantly, as a matter of law, Plaintiff does not allege a cognizable irreparable injury. Establishing a "risk of irreparable harm is not enough . . . [a] plaintiff has the burden of proving a 'clear showing of *immediate* irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (emphasis added); *see also Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (summarizing Third Circuit precedent). In granting a preliminary injunction, the Court must find that injunctive relief is "the only way of protecting the plaintiff from harm." *Id.* Moreover, a Court may deny a preliminary injunction where the harm is too speculative. *Id.*

To the extent that Plaintiff's purported harm relates to the termination of the Provider Agreement and the loss of his medical license, such injuries occurred several years ago and are not immediate.[2] Similarly, Plaintiff seeks to enjoin Defendant from inducing criminal charges against Plaintiff, but such charges have already been brought and, again, this injury is not imminent. Relatedly, Plaintiff seeks to enjoin Defendant from pecuniary gain through criminal forfeiture. But such contemplated forfeiture is not immediate (a grand jury returned a Superseding Indictment on December 6, 2022 and, because Judge Pratter must first decide Mr. Anand's motion to represent himself in the criminal case, he has not yet been arraigned) and is wholly speculative (Mr. Anand has not been convicted). *United States v. Anand*, No. 19-cr-00518-1 (E.D. Pa.).

Plaintiff further argues that the disqualification of his provider status impacts his professional life and earning potential. But "economic loss does not constitute irreparable harm." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). Nor does denial of medical care

---

[2] Additionally, Plaintiff does not seek a reinstatement of the Provider Agreement or his medical license.

3

from one's chosen doctor, as he seems to argue on behalf of his would-be patients, constitute irreparable harm. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 490 (3d Cir. 2000) (switching physicians is "not the kind of irreparable harm contemplated by the preliminary injunction standard."). On the whole, the Court finds that the purported harms alleged by Plaintiff are not immediate nor irreparable as a matter of law. For this reason, Plaintiff's Motion must be denied.

                                                                         **BY THE COURT:**

                                                                         /s/ Chad F. Kenney

                                                                         **CHAD F. KENNEY, JUDGE**